## In re GRANT.
### No. 4489.

District Court, D. Massachusetts.
Aug. 17, 1931.

Charles J. Miller, of Boston, Mass., for petitioner.

Frederick H. Tarr, U. S. Atty., and A. Chesley York, Asst. U. S. Atty., both of Boston, Mass., for respondent.

MORTON, District Judge.

This is a petition by Mr. Grant, for many years United States Shipping Commissioner at Boston, for the payment to him of about $194 now on deposit in the name of the District Judge. The sum represents minute accretions of interest on unclaimed wages of seamen which during Mr. Grant's long service were paid to him from time to time in accordance with law and remained on deposit in his name for short periods before being turned over to the District Court. The individual amounts were so small and the length of time each was held was so short that it was impracticable to allocate interest to the different accounts. On Mr. Grant's retirement from office the sum in question was placed in a special account as stated pending the determination of its ownership. The present petition was brought at my suggestion to settle that question and close the matter.

The usual rule is that accretions on money follow the ownership of it. It was applied to interest on public funds deposited in the name of a consular officer (U. S. v. Mosby, 133 U. S. 273, at page 286, 10 S. Ct. 327, 332, 33 L. Ed. 625), the court observing that, "He was not required to put the funds out at interest, but if he did so the accretion belonged to the government." Blatchford, J. Mr. Grant had no ownership of any of the moneys on which interest was received. They were not like the fees of the clerk under the old law which, though received in an official capacity, were his property. U. S. v. Mason, 218 U. S. 517, 31 S. Ct. 28, 54 L. Ed. 1133. The Shipping Commissioner's compensation was otherwise provided for, and there seems to be no reason for turning over this interest to him. I think that the fund is to be regarded as "moneys arising from the unclaimed wages and effects of deceased seamen," under Rev. St. §§ 4544, 4545 (46 USCA §§ 627, 628), and is accordingly payable into the treasury.

Ordered accordingly.